```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

PAUL STINSON,                          :
          Petitioner,                  :
                                       :
     v.                                :    CASE NO. 3:16-cv-1415 (AWT)
                                       :
D.K. WILLIAMS,                         :
          Respondent.                  :


RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. #5]

Petitioner Paul Stinson commenced this habeas corpus action pro se pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. The respondent moves to dismiss the petition on the ground that the petitioner's sentence was properly calculated. For the reasons that follow, the respondent's motion is being granted.

I.  Legal Standard

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003). Before filing a habeas petition pursuant to section

2241, prisoners are required to exhaust internal grievance procedures.  See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).

    When reviewing a motion to dismiss, the court accepts all allegations in the petition[1] as true and draws all reasonable inferences in favor of the petitioner.  Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).  The court need not, however, accept conclusory allegations.  The case should proceed only if the complaint alleges "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. at 554-55).  Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Even under this standard, however, the court liberally construes a pro se complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008).

---

[1] Although Leland has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the court will construe the respondent's motion to dismiss as governed by the motion to dismiss standard for Rule 12(b)(6), Fed. R. Civ. P.  See Bowens v. Federal Bureau of Prisons, No. 12 Civ. 5591(PKC), 2013 WL 3038439, at *7 n.3 (S.D.N.Y. June 18, 2013) (applying 12(b)(6) standard to claims asserted in 2241 petition).

II. Background

On October 20, 2011, the petitioner was arrested by local law enforcement in New York and charged with criminal possession of narcotics. On December 23, 2011, a detainer was lodged against the petitioner for a parole violation, based on the local arrest. On February 9, 2012, the petitioner was sentenced to a one-year term of imprisonment in the narcotics case.

On March 7, 2012, a parole revocation hearing was held. The petitioner was declared a parole delinquent and ordered to serve a one-year time assessment.[2] The state court did not order the one-year term of imprisonment on the narcotics charge to run concurrently with any parole violation time assessment. Thus, the parole violation term did not commence until June 20, 2012, the date on which the petitioner completed serving the one-year sentence on the narcotics charge.

The petitioner was serving his parole violation sentence at the Westchester County Jail. On June 26, 2012, the U.S. Marshals Service took the petitioner into custody on a federal writ of habeas corpus ad prosequendum.

---

[2] A time assessment is a period of time, determined at the final revocation hearing which establishes the length of time the parole violator must serve before being eligible for re-release. See http://www.doccs.ny.gov/pdf/nysrulesregs.pdf, Section 8002.6 (last visited Mar. 13, 2017).

If the petitioner had remained in state custody, he could have been released to parole supervision on December 23, 2012, to serve the remainder of his state parole violation sentence. But he was not released because he was in federal custody on the writ of habeas corpus ad prosequendum.

The petitioner's state sentence expired on February 26, 2014. The petitioner received credit for the periods from October 11, 2011 until December 23, 2011 toward the parole violation sentence, from December 23, 2011, until June 20, 2012 toward the narcotics sentence, and from June 20, 2012 until February 26, 2014, toward the parole violation sentence.

On December 5, 2014, the petitioner was sentenced in the United States District Court for the Southern District of New York to a 60-month term of imprisonment for conspiracy to distribute crack cocaine and marijuana. Upon admission, the Bureau of Prisons ("BOP") prepared a sentence computation report. Because the petitioner had received credit toward his state sentences for all time prior to February 26, 2014, none of this time was credited toward his federal sentence. The BOP did credit toward the petitioner's federal sentence the time from February 27, 2014, through December 4, 2014.

III. Discussion

The petitioner argues that the BOP failed to credit him for the time after the conclusion of the time assessment until conclusion of the maximum time on his state sentence, i.e., from December 23, 2012, until February 26, 2014.

The Attorney General has delegated exclusive authority to calculate federal sentences to the BOP. See United States v. Wilson, 503 U.S. 329, 335 (1992). A federal sentence commences on the day the individual is received in custody. 18 U.S.C. § 3585(a). The prisoner is given credit toward his federal sentence for time during which the prisoner was detained provided that the time has not been credited toward another sentence. Wilson, 503 U.S. at 333 (quoting 18 U.S.C. § 3585(b)); see also United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

The petitioner argues that he should have been re-released on parole on December 23, 2012, at the conclusion of the time assessment. He states in opposition to the motion to dismiss that the parole office only needed to contact him to complete paperwork for the parole to happen. See Pet'r's Mem., Doc. #7, ¶10. The petitioner's characterization is incorrect. New York

cases interpreting the significance of the time assessment hold that the time assessment merely determines the earliest date on which a parole violator may be considered for re-release. It is not a guarantee that he will be re-released on that date. See, e.g., People ex rel. Leggett v. Leonardo, 274 A.D.2d 699, 700, 711 N.Y.S.2d 219, 219 (2000)(expiration of time assessment merely entitled petitioner to reappear before Board of Parole, not to immediate release); People ex rel. McKnight v. Meloni, 181 Misc. 2d 422, 424, 694 N.Y.S.2d 576, 577 (Sup. Ct. 1999)(petitioner mistaken in assumption that expiration date of time assessment equates to date of release from confinement).

Thus the petitioner is mistaken in his assumption that he would have been released on parole on December 23, 2012 under New York law. The Second Circuit has held that the BOP cannot credit a prisoner for time served following his conditional release date on a state sentence for violation of parole even though the prisoner might have been released earlier on his state sentence if he had not been transferred to federal custody on a writ of habeas corpus ad prosequendum. That time has been credited to the state sentence. See United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001). The petitioner cites no contrary binding authority. Therefore, the court concludes that the petitioner's sentence has been properly calculated.

IV. Conclusion

The respondent's Motion to Dismiss [**Doc. #5**] is hereby **GRANTED**, and the Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 15th day of May, 2017 at Hartford, Connecticut.

                                       /s/AWT
                             Alvin W. Thompson
                      United States District Judge